UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                    **MEMORANDUM and ORDER**

ROBERT ARELLANO,
                                    05-cr-655 (SLT)

    Defendant.
-------------------------------------------------------x
**TOWNES, United States District Judge:**

    Defendant, Robert Arellano, brings this motion pursuant to Fed. R. Crim. P. 12(3)(c) to suppress "evidence obtained during the search of a Ford Windstar on August 8, 2005." Notice of Motion at 1. For the reasons set forth below, the motion is granted to the extent of ordering that an evidentiary hearing be held solely on the issue of whether there was probable cause to stop the Windstar on August 8, 2005. Arellano's motion is denied in all other respects.

## BACKGROUND

    According to Arellano's motion papers, Arellano and co-defendant Virginia Anaya – who hold themselves out as husband and wife – left California on August 6, 2005, on a cross-country drive in Anaya's Ford Windstar ("the van"). Affidavit of Robert Arellano dated Feb. 13, 2006 ("Arellano Aff."), at ¶ 3. At some unspecified time on August 8, 2005, while Anaya was driving on Interstate 40 in Tennessee, the van was stopped by the police. Following this stop, the van was searched, and a quantity of drugs and other evidence was recovered.

    In a sworn affidavit attached to the Notice of Motion, Arellano states that, "[t]o [his] knowledge, there was no traffic violation, and no probable cause or reasonable suspicion" justifying the stop. Arellano Aff. at ¶ 5. Arellano further states that he "did not consent to the search of the [van]." *Id.* at ¶ 6. However, Arellano, who concedes that Anaya was the owner of

the van and was driving it at the time of the stop, *id.* at ¶¶ 4-5, makes no allegations concerning whether Anaya consented to the search.

In response to this motion, the government argues (1) that the stop was lawful and (2) that Anaya voluntarily consented to the search. In support of the first argument, the government represents that officers observed Anaya violating a Tennessee traffic law – Tenn. Code § 5-8-123(1) – by failing to maintain her lane, and attaches a traffic citation which was purportedly issued following the stop. Letter of AUSA Cameron Elliot to Hon. Sandra L. Townes, dated March 3, 2006, Ex. A. In support of the second argument, the government attaches a copy of a "Consent to Search" form, in which Anaya allegedly consented to the search of the van. *Id.* at Ex. B. The government does not argue that Arellano lacks standing to contest the stop or the search.

In his reply, Arellano suggests that the traffic citation – which does not reflect the time at which the stop occurred – was created after the successful search solely in order to justify the unlawful stop. Letter of Barry M. Fallick, Esq., to Hon. Sandra L. Townes, dated March 7, 2006, at 1. Arellano's counsel admits that the videotape of the stop, which was played for the Court at oral argument, "shows an officer asking Anaya if she was drinking," but implies that the lack of any subsequent field sobriety tests suggests that this alleged basis for the stop was pretextual. *Id.*

## DISCUSSION

The protections of the Fourth Amendment, which guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const., Amend. IV, "extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Thus, an "ordinary traffic stop constitutes a limited seizure within the meaning of the Fourth and

Fourteenth Amendments." *United States v. Scopo*, 19 F.3d 777, 781 (2d Cir.), *cert. denied*, 513 U.S. 877 (1994). "[S]uch stops 'must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct.'" *Id.* (quoting *United States v. Hassan El*, 5 F.3d 726, 729 (4th Cir. 1993)). Evidence seized during stops made in the absence of probable cause or reasonable suspicion is subject to suppression as "fruit of the poisonous tree." *Id.*

Since "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis," the constitutional reasonableness of a traffic stop is assessed without regard to the actual motivations of the officer(s) making the stop. *Whren v. United States*, 517 U.S. 806, 813 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* at 810 (citing *Delaware v. Prouse*, 440 U.S. 648, 659 (1979); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (per curiam)). Thus, any violation of vehicle and traffic law – such as failing to signal while changing lanes – can provide an adequate basis for stopping a vehicle. *See Scopo*, 19 F.3d at 781.

Arellano, although only a passenger in the van at the time it was stopped, has standing to challenge the stop. *See, e.g., United States v. Abdul-Alim*, No. 98 CR 1077 (HB), 1999 WL 4971, at *2 (S.D.N.Y. Jan. 6, 1999) (passenger has standing to challenge stop); *Townes v. City of New York*, No. 94 Civ. 2647 (KMW), 1998 WL 106140, at *3 (S.D.N.Y. Mar. 10, 1998) (noting that, while the Second Circuit "has not specifically recognized a passenger's standing to contest a vehicle stop," many other circuit courts have), *rev'd on other grounds*, 176 F.3d 138 (2d Cir. 1999). Arellano's affidavit in support of this motion states that he was in the van at the time of

3

the stop, and at least implies that he did not see Anaya commit any traffic infractions or any other acts which would give rise to probable cause and/or reasonable suspicion. The government, on the other hand, has adduced evidence that Anaya committed a traffic offense, creating an issue of fact which must be resolved at a hearing.

Accordingly, this Court will hold a hearing on the issue of whether the police had probable cause and/or reasonable suspicion to stop the van. At this hearing, the government shall produce an officer who stopped the van and/or made the decision to stop the van.

The government does not, however, need to adduce evidence relating to the subsequent search of the van. "An evidentiary hearing is normally required in motions to suppress where a factual issue is in dispute." *United States v. Cortez*, No. 05 CR 55 (DAS), 2005 WL 2861587, at *2 (S.D.N.Y. Oct. 27, 2005) (citing *United States v. Fruchter*, 104 F.Supp.2d 289, 308 (S.D.N.Y. 2000). "To create a factual dispute, defendant must submit sworn factual allegations from an affiant with personal knowledge." *Fruchter*, 104 F.Supp.2d at 308 (quoting *United States v. Urena-Pena*, No. 91 Cr. 946, 1992 WL 17977, at *1 (S.D.N.Y. Jan. 24, 1992)). Where a defendant fails to present such factual allegations and no factual dispute is presented, no hearing is necessary. *See Cortez*, 2005 WL 2861587, at *2 (citing *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967)).

In this case, Arellano has alleged only that *he* did not consent to the search. Arellano Aff. at ¶ 6. He has not made any allegations to controvert the government's claim that *Anaya* consented. Indeed, the "Consent to Search" form attached to the government's response, together with the videotape evidence presented at oral argument, leaves little doubt that Anaya did consent and that her consent was knowingly and voluntarily given. Perhaps for that reason, Arellano's reply papers do not even address the consent issue.

4

Therefore, defendant Arellano's request for a hearing on the issue of whether Anaya consented to the search is denied. Obviously, the government need not produce the DEA Agents or other officers who conducted this search.

## CONCLUSION

For the reasons set forth above, Arellano's motion to suppress is granted to the extent of ordering that an evidentiary hearing be held solely on the issue of whether there was probable cause to stop the Ford Windstar on August 8, 2005. At that hearing, the government shall produce an officer who stopped the van and/or made the decision to stop the van. Since Arellano's motion to suppress is denied in all other respects, the government need not adduce evidence relating to Anaya's consent to search the van or produce the DEA Agents or other officers who conducted this search.

**SO ORDERED.**

/s/(SLT)

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 20, 2006